IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| SHEET METAL WORKERS'<br>INTERNATIONAL ASSOCIATION ) ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:07-cv-02230-JR |
| ) | |
| UNITED TRANSPORTATION UNION, ) | |
| ) | |
| Defendants, ) | |

---

### DEFENDANTS' MOTION FOR TRANSFER TO OHIO

Defendants move that this action be transferred, under Title 28, United States Code, Section 1404(a), from this Court to the United States District Court for the Northern District of Ohio (Eastern Division) on the ground that the same questions of law and fact are now being adjudicated in Dale Edward Michael, et al., vs. Malcolm B. Futhey, et al., Civil Action No, 1:07-cv-3818-JRA, (N.D. Ohio), filed on November 30, 2007, as more fully appears from the Declaration of Malcolm ("Mike") B. Futhey, Jr., attached hereto; or, alternatively, to stay all proceedings in this action pending final disposition of that case.

Respectfully submitted,

___

_____/s/_____
Charles R. Both  (D.C. Bar #42424)
LAW OFFICES OF CHARLES R. BOTH
1666 Connecticut Ave. N.W., Suite 500
Washington, D.C. 20009
202-833-9060
Fax: 202-463-6686
chas@crbothlaw.com

_____/s/_____
Betty Grdina (D.C.BAR #450346)
HELLER, HURON, CHERTKOF, LERNER, SIMON &
SALZMAN
1730 M Street N.W. ,Suite 412
Washington, D.C. 20036
202- 293-8090
Fax: 202-293-7110
bng@hellerhuron.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEET METAL WORKERS' | ) |
| INTERNATIONAL ASSOCIATION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    1:07-cv-02230-JR |
| | ) |
| UNITED  TRANSPORTATION | ) |
| UNION, et al. | ) |
| | ) |
| Defendants, | ) |
| | ) |

## PROPOSED ORDER TRANSFERRING CASE

Upon motion of Defendant, pursuant to 28 U.S.C. §1404(a), to transfer this action to the United States District Court for the Northern District of Ohio (Eastern Division), on the grounds that substantially the same questions of law and fact are already being adjudicated in Dale Edward Michael, et al., vs. Malcolm B. Futhey, et al., Civil Action No, 1:07-cv-3818-JRA (N.D. Ohio), filed on November 30, 2007, and opposition thereto, and it appearing to the Court that this action might have been brought before the district court to which transfer is sought; and that transfer of this case will prevent waste of time, energy and money and protect litigants against unnecessary inconvenience and expense;

It is this_____ day of February 2008 ORDERED that the Motion is GRANTED and that this action is transferred to the United States District Court for the Northern District of Ohio (Eastern Division).

_____
James Robertson
United States District Judge

Dated:

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEET METAL WORKERS—<br>INTERNATIONAL ASSOCIATION<br><br>        Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BOARD OF<br>DIRECTORS OF THE UNITED<br>TRANSPORTATION UNION, et al.<br><br>        Defendants, | )<br>)<br>)<br>)<br>)<br>)   1:07-cv-02230-JR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF MALCOLM ("MIKE") B. FUTHEY, Jr.

Malcolm ("Mike") B. Futhey, Jr., under penalty of perjury, hereby states and declares as follows:

1. I currently reside at 7610 Stout Road, Germantown, TN. I am more than 18 years of age. I make this declaration on the basis of personal knowledge and information and belief.

2. I have been a member in good standing of the United Transportation Union (UTU) since 1971. I have been elected to various official positions in the UTU since 1978. I became President of the UTU on January 1, 2008, having been elected to that position at the UTU Convention in August 2007. The principal office of the United Transportation Union is located at 14600 Detroit Avenue, Cleveland Ohio.

3. In my capacity as President of the UTU, I have been substituted for Paul Thompson, the prior UTU President, as a defendant in an action pending in the United States District Court

for the Northern District of Ohio (Eastern Division), entitled Dale Edward Michael, et al. v. United Transportation Union, et al., Clv Action No, 1:07-cv-3818-JRA. ("Michael").

4.  The Michael case was originally filed in the United States District Court for Southern District of Illinois on November 30, 2007 and transferred to the United States District Court for the Northern District of Ohio, on December 14, 2007. The plaintiffs in Michael requested that an injunction be entered to prevent the consummation of a Merger Agreement between the UTU and the Sheet Metal Workers International Association ("SMWIA") from becoming effective on January 1, 2008.

5.  In Michael, the plaintiffs, members of the UTU, sought to have a 2007 referendum election approving the merger declared unlawful; they alleged that merger agreement had been violated because the UTU membership had not been furnished with necessary information (specifically a copy of a new constitution that would govern the merged organization) to make an informed decision in voting on the merger, in violation of the Labor Management and Disclosure Act ("LMRDA").

6.  On November 30, 2007, I signed an Affidavit that was filed with the Court in the Michael case, a copy of which is attached hereto as Exhibit A, and incorporated herein.

7.  On December 11, 2007, the Sheet Metal Workers International Association (SMWIA) filed the instant Complaint in this Court seeking a declaration as to the validity of the same Merger Agreement that is at issue in Michael.

8.  On December 27, 2007, the Court in Michael held a hearing on the Plaintiffs' Motion for Temporary Restraining Order and stated that it was inclined to enter a temporary restraining order, concluding that under the terms of the Merger Agreement, approval by the UTU membership was required of both the Merger Agreement and the new constitution of the

newly-formed union ("SMART") which had not been made available before the referendum was held. (*See* pp. 64; 86-89, Transcript of Proceedings Before the Honorable John R. Adams Motion for TRO, attached hereto as Exhibit B). The Court scheduled a further hearing for January 4, 2008.

9. During a telephone conference call with the Court on January 4, 2008, counsel for the Defendant UTU informed the Court that I had assumed the Presidency and that Defendant required additional time to determine the UTU's position with respect to the entry of a preliminary injunction and the conduct of a new referendum. Accordingly, on January 4, 2008, the Court in <u>Michael</u> entered a Consent Order (a copy of which is attached hereto as Exhibit C), extending a temporary restraining order against the consummation by the UTU of a merger with SMWIA until February 13, 2008. The Court also scheduled a further telephonic status conference for February 1, 2008 and an evidentiary hearing, if necessary, for February 8, 2008.

10. On January 16, 2008, Paul Thompson, the former President of the UTU and several other members of the UTU Board of Directors sought to intervene in <u>Michael</u> , to *inter alia* defend the merger between the UTU and SMWIA and oppose entry of a Consent Order extending the temporary restraining order. The court in Ohio has not yet ruled on the Motion to Intervene.

11. During the February 1, 2008 status conference the parties (plaintiffs and UTU) advised the Court that they had agreed to a preliminary injunction, without the necessity of further proceedings. The injunction would restrain the UTU from consummating the merger with the SMWIA pending the negotiation, and ratification by the UTU membership, of a new SMART constitution. They agreed that the injunction would permit resolution of conflicts

3

between the UTU and SMWIA constitutions and creation of a new constitution so that the UTU could conduct a new referendum after distribution of the appropriate merger documents to its members. They further agreed that in the event that the negotiation and ratification of a new SMART constitution were not successfully completed within six months, the parties would report to the Court and the validity of the Merger Agreement would be subject to a determination by the Court. Although the motion to intervene was pending, Counsel for the proposed Intervenors argued against the entry of a stipulated Preliminary Injunction. At the Court's insistence, the Intervenors reluctantly disclosed that the SMWIA was supporting their efforts to have the Merger Agreement declared valid.

12.    On February 5, 2008, the Court entered an order extending the temporary injunction against the consummation by the UTU of a merger with SMWIA, until after a hearing on April 25, 2008, pending further order of the Court. A copy of the Order is attached hereto as Exhibit D.

Pursuant to 28 U.S.C. ' 1746, I hereby affirm under penalty of perjury that the foregoing is true and correct.

Malcolm B. Futhey, Jr.

4

# EXHIBIT  A

## AFFIDAVIT OF MIKE FUTHEY

1. My name is Malcolm B. Futhey Jr. I reside at 7610 Stout Road, Germantown, TN. I have been a member in good standing of the United Transportation Union ("UTU") since 1971, and an elected official in one capacity or another since 1978. Beginning in 1996, I have served as an elected Vice President of the UTU, serving on its Board of Directors, and I am the President-Elect of the UTU, having been elected to presidency, effective January 1, 2008, at the August 2007 UTU Convention.

2. Several years ago, incumbent UTU President Thompson launched a campaign to explore the possibility of merging the UTU with another union and I was appointed by Thompson to be the chairman of the UTU's Structure Committee whose job was to have been to get involved in any serious merger negotiations that might develop with another union.

3. In mid-June of 2007, approximately 700-800 officers of the UTU, both national and local, gathered in Kansas City for an informal meeting, workshops and educational seminars that was scheduled to run Monday through Wednesday, June 11th through 13th.  Prior to the commencement of that meeting, President Thompson summoned the eleven members of the UTU Board of Directors to a meeting late in the afternoon on Sunday, June 10th at which he announced that a Merger Agreement had been negotiated with the Sheet Metal Workers International Association ("SMWIA").  This was the very first notice that I had that a merger with another union was even being seriously considered, much less that the terms had been

-1-

agreed upon, despite the fact I was supposedly the Chairman of the Merger Structure Committee.

Thompson passed out copies of his Merger Agreement (Plaintiffs' Exhibit 6) and asked the

Board to approve it right then and there, on the spot.   Various Board members began asking

Thompson questions and after an hour or so, the Board recessed without taking any action so that

members could study the document and formulate questions.   Later that evening, following a

reception, the Board reconvened and asked for copies of the SMWIA Constitution to study.   At

that point, SMWIA President Mike Sullivan joined our meeting and both he and Thompson

reassured us that there were no conflicts between the UTU and SMWIA Constitutions and that

the UTU Constitution would, accordingly, be transferred "intact" into the SMART Constitution.

4.  After receiving these assurances, the Board voted to approve the Merger Agreement at

a breakfast meeting the following morning and President Thompson announced the merger later

that morning during the plenary session of the meeting.

5.  To this date, I have not been furnished with a copy of the SMWIA Constitution and,

while I have attempted to analyze a copy online, I find it very confusing because I cannot tell

which portions will apply to the UTU and its transportation or railroad members, and which will

apply only to members of the Sheet Metal Workers craft.

6.  On September 20, 2007, UTU legal counsel Clint Miller forwarded to me an email he

had just received from SMWIA House Counsel Patrick Riley for review and comment of an

attached memorandum entitled "UTU Articles in conflict with the SMWIA Constitution or

Merger Agreement" identifying dozens provisions in the UTU Constitution that will have to be

changed or eliminated in order to conform it to the SMWIA Constitution.  A true and accurate

copy of that attachment is submitted as Plaintiffs' Exhibit 19.

7. Although Thompson had previously and repeatedly represented to me, as well as all other UTU officers and members, that the UTU's autonomy would not be compromised by the merger and its constitution would be transferred "intact" into the SMART Constitution, after receiving this memorandum from SMWIA House Counsel Patrick Riley, it became apparent to me, for the very first time, that we had not approved a genuine merger of our Union with the Sheet Metal Workers, but rather had approved an acquisition of our Union by the Sheet Metal Workers, that our autonomy will be compromised, politically and financially, and that our Constitution will be very significantly and substantively changed in a host of ways.

8. If I and the other members of the UTU Board of Directors had known back in June what I now know about the merger, I can say with absolute certainty that a majority would not have approved the terms of the merger negotiated by Thompson and authorized him to proceed to conduct a referendum among the UTU membership.

9. Historically, consistent with Article 91 of the UTU Constitution, members have always been furnished by the UTU with a copy of any agreements or documents they were being asked to ratify, whether collective bargaining agreements or merger documents, as, for example, during the 2001 referendum to approve a merger with the Brotherhood of Locomotive Engineers. On that occasion, the UTU mailed every member a booklet containing both a proposed "Unification Agreement" and "UTU-BLE Constitution," along with their ballots.

10. Last summer, however, President Thompson broke from that tradition and, despite the language in the Merger Agreement requiring member approval of the SMART Constitution, he refused to send members copies of either the SMART or the SMWIA Constitution before requiring them to vote on the SMART merger, claiming that it would be too expensive. And,

-3-

while he did post a link on the UTU website to the SMWIA Constitution, a 133-page document that is very complex and can be impossible for members who do not have access not just to a computer, but one with a fast Internet connection, at no time did he or the Union inform all members in writing, whether in the *UTU News*, the Union's monthly newspaper that is mailed to all members, or in the July 17th merger referendum mailing, or any other mailing, as to the availability of the SMWIA Constitution on the UTU website.

Pursuant to 28 U.S.C. § 1746, I hereby affirm under penalty of perjury that the foregoing is true and correct.

Executed on November 30, 2007.

Mike B. Futhey, Jr.

-4-

# EXHIBIT  B

1

1

2                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO
3                         EASTERN DIVISION

4    DALE EDWARD MICHAEL,              Case No. 1:07CV03818
     ET AL.,                          Akron, Ohio
5              Plaintiffs,            December 27, 2007

6         vs.

7    UNITED TRANSPORTATION UNION,
     ET AL.,
8

9              Defendants.

10
                       TRANSCRIPT OF PROCEEDINGS
11              BEFORE THE HONORABLE JOHN R. ADAMS
                   UNITED STATES DISTRICT JUDGE
12
                         MOTION FOR TRO
13

14   APPEARANCES:

15   For the Plaintiffs:          Arthur L. Fox, Esq.

16

17
     For the Defendants:          Joe Guerrieri, Esq.
18                                David J. Tocco, Esq.

19

20

21   Court Reporter:             Lori Ann Callahan, RMR-CRR
                                 United States District Courthouse
22                               Room 568
                                 2 South Main Street
23                               Akron, Ohio  44308
                                 (330) 819-8676
24
     Proceedings recorded by mechanical stenography, transcript
25   produced by computer-aided transcription.

64

1   information in which to make that judgement.

2                    THE COURT:  That nuance language isn't

3   sufficient in my find to overcome the clear and plain

4   language of paragraph 2 the effective date and the language

14:36:32  5   that the parties chose, that Mr. Thompson chose, along with

6   counsel, along with individuals from the Sheet Metal

7   Workers, they chose the language, they used the language.

8   The intent is clear.  Again, I guess I am -- once again, I

9   am back to the point where it appears to me that based on

14:36:52 10   the information I have in the plain reading that the SMART

11   constitution should have been and the parties contemplate it

12   being approved by the membership and if it hasn't been

13   approved, then the merger is of no force and effect.

14                    MR. GUERRIERI    Your Honor, what has been

14:37:04 15   approved, what has been approved is that provision which

16   says one will become part of the other and to the extent

17   not --

18                    THE COURT:  Tucked away at the end of the

19   agreement?  Tucked away unfortunately on page 11 of the

14:37:17 20   agreement.

21                    MR. GUERRIERI:   It's only a 11 or 12-page

22   agreement.

23                    THE COURT:  All right.  Thank you.  Appreciate

24   your argument.

14:37:25 25                    Counsel, please.  Counsel, you wish to

1    that the parties can act accordingly, the mere fact that the

2    holiday is upon us.

3                    Is there anything either side wishes to share

4    with me regarding the case?

15:12:03  5                    MR. FOX:    No.

6                    MR. GUERRIERI:    No.

7                    THE COURT:  Thank you very much.  We will take

8    about 20 minutes, please.  My clerk will let you know when

9    we're ready to reconvene, please.

16:06:57 10                    (Thereupon, a recess was had.)

11                    THE COURT:  Please be seated, ladies and

12   gentlemen.  For purposes of the record, consistent with my

13   earlier comments and my discussion with counsel, for the

14   reasons that follow, the court will issue and grant the

16:07:14 15   plaintiff's temporary restraining order.

16                    The order will remain in effect until 10 days

17   until such time as the court will have a full opportunity to

18   take testimony and consider evidence and to determine

19   whether or not the issuance of a preliminary injunction is

16:07:30 20   in order in this particular matter.

21                    Court will note for the record as I have

22   shared with counsel that the matter before me, at least in

23   my view, is a close question.  The court has serious issues

24   as to the timing which the matter has come forward, and of

16:07:46 25   course as I've already expressed, I have issues and concerns

1    with the method, manner and means in which the referendum

2    was conducted in light of the clear language in the merger

3    agreement.

4            However, I will not finalize my opinion in

16:08:05  5    this particular matter until such time as a full preliminary

6    injunction hearing has been conducted.  As I indicated for

7    the record, for the limited purpose of this hearing, the

8    court does find that the plaintiff has met their burden as

9    it relates to the factors the court is required to consider

16:08:26 10    in granting their temporary restraining order.

11            It appears at least based upon the limited

12    information I have available and that information is in

13    paper form and I do not have the benefit of testimony,

14    plaintiffs had made at least at this point a sufficient

16:08:46 15    showing of likelihood of success on the merits for reasons

16    I've already stated.

17            I am also persuaded based upon the language of

18    the merger agreement and the actions that will be undertaken

19    on January 1, which will include incorporation of the

16:09:06 20    various accounts, real estate property and other matters set

21    forth in the merger agreement that there will be irreparable

22    injury suffered by the plaintiffs if indeed I do not grant

23    the temporary restraining order and I believe that the

24    issuance of the preliminary injunction would cause

16:09:28 25    substantial harm to the union members and the public

88

1    interest, at least at this point, would be served by the

2    issuance of a temporary restraining order pending or subject

3    to this court conducting a full hearing as to the

4    preliminary injunction at which time the parties may present

16:09:46  5    evidence as it relates to some of the matters that are at

6    issue herein.

7              The court will note, as I indicated to

8    counsel, I have the benefit of numerous affidavits.  I cast

9    no dispersions on same, but many of them, although they are

16:10:03 10    believed to have been made on personal knowledge, some of

11    those affidavits set forth matters which arguably may be

12    considered hearsay and/or speculation and are matters that

13    should be more properly tested before this court on

14    cross-examination, so I would encourage the parties at the

16:10:19 15    preliminary injunction hearing which I believe will be

16    dispositive of the entire case, the evidence be presented

17    and that the parties be prepared to do so and I will attempt

18    to afford all parties an opportunity to be fully heard and

19    perhaps I can restrain myself from interrupting counsel and

16:10:38 20    I apologize.  My interruptions were mainly to try to address

21    what I believe to be the serious issues and the serious

22    questions I have related to the matter and not an attempt to

23    in any way interrupt counsel's argument and hopefully you

24    would have had a full opportunity to argue the case here

16:10:57 25    today as well as in your lengthy papers.

1     As to a date and time, do all counsel have a

2  calendar available, please?  I will give you some proposed

3  dates, and if you could enlighten me as to if these dates

4  are available?

16:11:16  5     Counsel, the court has available January 3, a

6  full day, which I would set aside.  We can use that date and

7  then if need be, better part of the 4th.  Those are a

8  Thursday and Friday of next week.  Are those dates

9  convenient for counsel for the plaintiff, please?

16:12:23 10     MR. FOX:    Your Honor, I could do it, but as

11  we discussed, the more time that the in-coming

12  administration has to pull its act together and decide what

13  it wants to do, the greater the likelihood this case might

14  resolve itself and not be a burden on the court.

16:12:42 15     Short of that, if we need to do it on the 3rd

16  and 4th, we will be here.

17     THE COURT:  Let me ask the question.  The

18  election has already occurred.  These officers know that

19  they will be assuming these responsibilities the 1st of

16:12:54 20  January.  Am I accurate in my belief?

21     MR. FOX:    That is correct.

22     THE COURT:  They're there.  I will assume,

23  number one, they are in the process hopefully preparing to

24  undertake these duties and I would assume that given the

16:13:06 25  nature of this litigation, they are aware of same and

**EXHIBIT   C**

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DALE EDWARD MICHAEL, *et al.*,      )
                                    )
                     *Plaintiffs,*  )
                                    )   Civil Action No. 1:07-CV-3818-JRA
vs.                                 )
                                    )
PAUL THOMPSON, *et al.*,            )
                                    )
                     *Defendants.*  )

## <u>CONSENT ORDER</u>

The undersigned counsel, having stipulated to a 30-day extension of the Temporary Restraining Order currently in effect, it is hereby ORDERED that the temporary injunction against consummation by the United Transportation Union of its merger with the Sheet Metal Workers International Association shall be extended from January 14th through February 13th, 2008.

Dated: January 9 , 2008

s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

For Plaintiffs:                     For Defendants:

*/s/ Arthur L. Fox II*              */s/ Joseph Guerrieri, Jr.*

Arthur L. Fox II                    Joseph Guerrieri, Jr.
Lobel, Novins & Lamont, LLP         Guerrieri, Edmond, Clayman & Bartos, PC
888 17th Street, NW, Ste 810        1625 Massachusetts Ave, NW, Ste 700
Washington, DC 20006                Washington, DC  20036
202-371-6626                        202-624-7400
alfii@lnllaw.com                    jguerrieri@geclaw.com

-1-

**EXHIBIT  D**

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DALE EDWARD MICHAEL, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| vs. | ) | Civil Action No. 1:07-CV-3818-JRA |
| | ) | |
| MALCOLM B. FUTHEY, *et al.* | ) | |
| | ) | |
| *Defendants.* | ) | |

### ORDER

This matter came before the Court for a status conference on February 1, 2008.  Counsel for the parties and the proposed intervenors all participated in the conference.  As reflected in the record of that conference, the Court has made the following orders concerning further proceedings herein:

1.    A hearing will be held on April 25, 2008, at 9:00 A.M. regarding the Motion of Paul Thompson, *et al.*, to intervene as party defendants herein.   All parties shall have the right to take discovery regarding the issues raised by that Motion, prior to the hearing;

2.    The temporary injunction against consummation by the United Transportation Union of its merger with the Sheet Metal Workers International Association is hereby extended, with the consent of the parties, from February 13, 2008, until ten days after the Court rules on the pending motion to intervene.

3.    The time for defendants to Answer the Complaint or respond to plaintiffs' motion for summary judgment is hereby suspended, pending further order of the Court.

1:07CV3818

Dated: February  5 , 2008

s/John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
SHEET METAL WORKERS'                           )
INTERNATIONAL ASSOCIATION                      )
                                                                      )
                                   Plaintiff,              )
                                                                      )
vs.                                                               )          1:07-cv-02230-JR
                                                                      )
UNITED TRANSPORTATION                         )
UNION.                                                         )
                                                                      )
                                   Defendant,            )
                                                                      )
_____)

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER**

      Defendant United Transportation Union ("UTU") submits this memorandum in support

of its Motion to Transfer this action to the United States District Court for the Northern District

of Ohio (Eastern Division).

**STATEMENT OF FACTS**

      This action was initially filed by the Sheet Metal Workers' International Association

("SMWIA") on December 11, 2007, seeking a declaration that a putative Merger Agreement,

entered into in May 2007, between the Plaintiff and the United Transportation Union ("UTU"),

was valid.  On February 11, 2008, the Plaintiff filed a First Amended Complaint and Petition to

Compel Arbitration.  The Merger Agreement at issue in this proceeding, which Plaintiff seeks to

enforce, by its terms, was subject to being approved in a referendum by a majority of the

membership of the UTU. (*See* Complaint Exhibit A at p. 2, Section II : "Effective Date").

      Prior to the initiation of this action, on November 30, 2007, a group of UTU members

brought suit challenging the propriety of the referendum conducted pursuant to the terms of the

Merger Agreement, <u>*Dale Edward Michael, et al.  v. Malcolm B, Futhey*</u>, C.A. 1:07-cv-3818-

JRA, (hereinafter "<u>Michael</u>") which is now pending in the United States District Court for the

Northern District of Ohio (Eastern Division).  (*See* Declaration of Malcolm ("Mike") Futhey

(hereinafter Futhey Dec,) at ¶¶ 3-6).   In <u>Michael</u>, the plaintiffs alleged that the Merger

Agreement had been violated because a SMART Constitution, which was to govern the merged

Union had not been finalized prior to the referendum and consequently UTU membership had

not been furnished with necessary information (specifically a copy of a new constitution that

would govern the merged organization) to make an informed decision in voting on the merger, in

violation of the Labor Management and Disclosure Act ("LMRDA").  The plaintiffs in <u>Michael</u>

sought a temporary restraining order and preliminary injunction against the consummation of the

Merger Agreement.

      The <u>Michael</u> case raises the same factual and legal issues as are involved in this action.

Indeed, the First Amended Complaint makes specific reference to the Ohio litigation (see First

Amended Complaint ¶¶  26-28, 32,  34-38).  The Court in <u>Michael</u> has already familiarized itself

with the factual and legal issues involved in this matter and considered several motions (*see* First

Amended Complaint  ¶¶ 35-36).  The Court in Ohio has already conducted several hearings and

status conferences; at the TRO Hearing on December 27, 2007,  the Court issued and granted the

temporary restraining order (*see* Futhey Dec. Exh. B at p. 86) and indicated a strong likelihood

that it would issue an injunction against the consummation of the Merger Agreement ( *id.* at p.

87); and entered a series of Consent Orders restraining consummation of the Merger Agreement,

thereby permitting the UTU to resolve the issues, and conduct, if necessary, another referendum.

(*See* Futhey Dec. ¶¶ 8, 9, 11 & 12).

Significantly, during the February 1, 2008 status conference in Ohio, at the Court's insistence, it was disclosed that the SMWIA, Plaintiff in this action, was financially supporting the effort of proposed intervenors in the Ohio litigation to have the Merger Agreement declared valid.  (*See* Futhey Dec. ¶¶ 11 & 12).        Although the First Amended Complaint refers to the Ohio Court's February 1, 2007 Order (*see* First Amended Complaint ¶ 37), Plaintiff fails to note that the evidentiary hearing scheduled for April 28, 2007 relates to the role of the SMWIA in the <u>Michael</u> case.   Plaintiff is not being forthright with either Court by not disclosing the scope of its involvement.

## ARGUMENT

### THIS MATTER SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO (EASTERN DIVISION)

The standards governing transfer are well-settled. The federal venue transfer statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a) ("Section 1404(a)").  Section 1404(a) vests "discretion in the district court[ ] to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp*., 487 U.S. 22, 27 (1988) quoting *Van Dusen v. Barrack,* 376 U.S. 612 , 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964).   As the moving party, Defendants bear the burden of establishing that the transfer of these actions to another federal district is proper. *See   Onyeneho v. Allstate Ins. Co.,* 466 F.Supp.2d 1, 3 (D.D.C.2006).

The threshold question under Section 1404(a) is whether the action might have been brought in the Northern District of Ohio. *Van Dusen,* 376 U.S. at 613, 84 S.Ct. at 807-08.  In a

**3**

suit based on Section 301(a) of the Labor Management Relations Act, as is this one, venue is proper in the "any district court having jurisdiction of the parties." 29 U.S.C. § 185(a). The courts have jurisdiction of a labor organization (such as UTU) "in the district in which such organization maintains its principal office." *See* 29 U.S.C. § 185(c)(1). In the case at bar, venue is proper in the Northern District of Ohio under this provision since the UTU has its principal office in Cleveland, Ohio.

Plaintiff was fully apprised of the existence of the Ohio litigation prior to filing its Complaint and thereafter the recently filed First Amended Complaint. Consequently, it could have brought this action in the United States District Court for the Northern District of Ohio.

The Court weighs a number of private and public factors in making its determination. See *Trout Unlimited v. United States Dep't of Agriculture,* 944 F.Supp.13, 16 (D.D.C.1996). The private interest considerations include (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Berenson v. Nat'l Fin. Services, LLC,* 319 F.Supp.2d 1, 2-3 (D.D.C 2004) (internal citations omitted).

The public interest considerations include "(1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferor and transferee courts; and (3) the local interest in deciding local controversies at home." *Id*

I.    **Private Considerations Weigh in Favor of Transfer**

      a.    **Plaintiff's choice of forum**

**4**

While the court must afford some deference to the plaintiff's choice of forum( *See Air Line Pilots Ass'n v Eastern Airlines*, 672 F. Supp. 525, 526 (D.C.C. 1987) , this deference is mitigated where the plaintiff's choice of forum has "no meaningful ties to the controversy and no particular interest in the parties or subject matter *Chung v. Chrysler Corp.*, 903 F.Supp. 160, 165 (D.D.C.1995) (quoting *Islamic Republic of Iran v. Boeing Co.*,477 F.Supp. 142, 143-44 (D.D.C.1979)). Moreover, the showing defendants must make is lessened when the "plaintiff[s'] choice [of forum] has no factual nexus to the case," and, where, as in this case, transfer is sought to the forum with which plaintiff has substantial ties (given that it is financially supporting the Proposed Intervenors) in the case already pending in Michael and where the subject matter of this lawsuit is connected to Michael. *See Citizen Advocates for Responsible Expansion, Inc. (I-Care) v. Dole*, 561 F.Supp. 1238, 1240 (D.D.C.1983).

Here, the plaintiff's choice of forum, the District of Columbia, has no meaningful ties to or interest in this suit, other than that the plaintiff's principal office is located in the District of Columbia. SMWIA represents employees throughout the United States, including in the Northern District of Ohio. In such circumstances, this court must be especially cautious in allowing this case to remain in this district. *See Cameron v. Thornburgh,* 983 F.2d 253 (D.C.Cir.1993). In contrast, the Defendant's principal office is in Ohio, where its records are maintained.

**b.    Convenience of the Parties and Witnesses**

The convenience of the parties similarly supports transfer of this case to Ohio. The plaintiff is an international labor organization which represents employees throughout the United States, including in Ohio. It officers are located throughout the country. Because it is a national organization the Northern District of Ohio court would be equally convenient for it to litigate the

**5**

claims set forth in its complaint.  Indeed, by its financial support of the Proposed Intervenors in the <u>Michael</u> case (*see* Futhey Dec. ¶ 11), the plaintiff is already litigating this same claim (i.e. the validity of the merger) against this defendant in the Ohio court.  Accordingly, the balance of convenience of the parties weighs in favor of transfer to the Northern District of Ohio.

### c.    <u>Convenience of the Witnesses and Ease of Access to Sources of Proof.</u>

Because the validity of a merger agreement between the parties is at issue, defendants' records will undoubtedly be relevant and subject to review and discovery.  As these records are located in the offices in Ohio, access to them will be easier in Ohio.

### II.    <u>Public Interest Considerations Weigh in Favor of Transfer</u>

### a.    <u>The Transferee's Familiarity with the Governing Laws</u>

Given the fact that the Ohio Court is already considering the issues raised in this action in the <u>Michael</u> case, has already conducted several status and substantive hearings  (*see* Futhey Dec. Exh. B), and has issued a number of Orders (*see* Futhey Dec. Exhs. C & D), the Ohio Court is familiar with both the governing law and significant facts involved in this litigation.

### b.    <u>Without transfer there is a substantial risk inconsistent orders and waste of resources</u>

"Allowing these two suits to proceed unconsolidated in separate districts would 'lead[ ] to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.' Not only would discovery, motions practice, and trial be duplicated, but there would be a significant risk that this court and the [Ohio]court would issue inconsistent orders subjecting [defendants] to inconsistent obligations. Such considerations weigh heavily in favor of transfer." <u>Cal. Farm Bureau Fed'n v. Badgley,</u> No. 02-2328, 2005 U.S. Dist. LEXIS 12861, at *7 (D.D.C. June 29, 2005) (citing <u>Continental Grain Co. v. The FBL</u>, 364 U.S. 19, 26 (1960)); *see also* 15 Charles A.

6

Wright, Arthur R. Miller & E. Cooper, *Federal Practice and Procedure* § 3854 (3d Ed.2007) (noting that "a number of federal courts have considered [the interest of justice] factor decisive-outweighing the other statutory factors-in ruling on a change of venue motion even though the convenience of the parties and witnesses pointed in a different direction ..." and that "with great frequency ... cases have been transferred to a forum in which other actions that arose from the same transaction or event as that at issue in the transferor court or were related to them in some fashion were pending").

Here, transfer to the Northern District of Ohio could potentially allow for coordination or consolidation of the two cases, which will simplify discovery and trial preparation. Additionally, transfer will allow for a more complete adjudication of all disputes and issues between the parties and prevent the potential for the duplicative litigation in separate districts. *See* Lever Bros. v. Procter & Gamble Co., 23 F.Supp.2d 208, 212 (D.Conn.1998); *Air Express Int'l Corp. v. Consolidated Freightways, Inc.*, 586 F.Supp. 889, 892-893 (D.Conn.1984) (maintaining separate actions is expensive, time consuming and inconvenient to the parties). Finally, transfer of this case to Ohio will remediate any attempt by any of the parties to engage in gamesmanship between the two jurisdictions.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this action be transferred to the United States District Court for the Northern District of Ohio (Eastern Division), where it may be consolidated with the related case pending in that Court.

Respectfully submitted,

____/s/_____
Charles R. Both (D.C. Bar #42424)
LAW OFFICES OF CHARLES R. BOTH
1666 Connecticut Ave. N.W., Suite 500
Washington, D.C. 20009
202-833-9060
Fax: 202-463-6686

7

chas@crbothlaw.com

Betty Grdina (D.C.BAR #450346)
HELLER, HURON, CHERTKOF, LERNER, SIMON & SALZMAN
1730 M Street N.W. ,Suite 412
Washington, D.C. 20036
202- 293-8090
Fax: 202-293-7110
bng@hellerhuron.com

**8**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

SHEET METAL WORKERS'                    )
INTERNATIONAL ASSOCIATION               )
                                        )
            Plaintiff,                  )
                                        )
vs.                                     )        1:07-cv-02230-JR
                                        )
UNITED TRANSPORTATION UNION,            )
                                        )
            Defendant                   )
_____)

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I served a copy of the foregoing Motion to

Transfer, Memorandum in Support thereof, Declaration of Malcolm B. Futhey and

Proposed Order electronically and by first class mail, postage prepaid to:

Michael T. Anderson
Arlus J. Stephens
Davis, Cowell & Bowe LLP
1701 K Street NW, Suite 210
Washington, DC 20006
astephens@dcbwash,com

Richard G, McCracken
Paul L. Moore
Davis, Cowell & Bowe, LLP
595 Market Street, Suite 1400
San Francisco, California 94205
415 597-7200

Attorneys for Plaintiffs


                                        _____
                                        Charles R. Both


Date:

_____
Charles R. Both