IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

SHEET METAL WORKERS'                    )
INTERNATIONAL ASSOCIATION               )
                                        )
            Plaintiff,                  )
                                        )
vs.                                     )        1:07-cv-02230-JR
                                        )
THE UNITED TRANSPORTATION               )
UNION                                   )
                                        )
            Defendant                   )
_____ )

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant United Transportation Union ("UTU" or "Defendant") now

answers the First Amended Complaint and Petition to Compel Arbitration against

it alleging breach of a putative Merger Agreement and denies any and all such

allegations, and further admits or denies the specific allegations of the Complaint

and states affirmative defenses, as follows:

**<u>INTRODUCTION</u>**

1.      This paragraph contains jurisdictional allegations requiring no

response, but to the extent an answer may be deemed to be required, they are

denied.

2.      Defendant admits that a merger agreement between Plaintiff Sheet

1

Metal Workers' International Association ("SMWIA" or "Plaintiff") and UTU was negotiated and announced in May 2007, subject to conditions, including the resolution of any conflicts in the constitutions of each of the merger partners and completion of a new Sheet Metal, Air, Rail and Transportation Workers ("SMART") Constitution. Defendant denies the remaining allegations in paragraph 2.

3.      Defendant admits that pursuant to Article 23 of the UTU Constitution, the UTU Board of Directors has the authority and responsibility to "consider and implement plans of unification, affiliation or merger with another labor organization." Defendant denies the remaining allegations in paragraph 3.

4.      Defendant denies the allegations in paragraph 4.

## JURISDICTION AND VENUE

5.      Defendant admits that Court has jurisdiction pursuant to 29 U.S.C. § 185(a), but denies that the putative Merger Agreement is a contract.

6.      Defendant admits that venue lies both in this judicial district and in the Northern District of Ohio (Eastern Division). As set forth in its Motion to Transfer to Ohio, previously in this matter filed on February 12, 2008, (Docket No. 7) this case should be transferred and consolidated with _Dale Edward Michael, et al, v. Malcolm B. Futhey_, C.A. 1:07-cv-3818-JRA (N.D. Ohio).

4632bac39291f5a2

## PARTIES

7.      Defendant admits the allegation in paragraph 7.

8.      Defendant admits the allegation in paragraph 8.

## COMMON ALLEGATIONS

### Ratification of the Merger Agreement

9.      Defendant admits that over several years the UTU has explored the possibility of merging with other unions, including the SMWIA, and denies the remainder of the allegations.

10.     Defendant admits the facts alleged in paragraph 10, on the basis of information and belief.

11.     Defendant admits that the putative Merger Agreement attached as Exhibit A was entered into in May 2007; that it set forth the process for ratification; but Judge Adams ruled in _Dale Edward Michael, et al, v. Malcolm B. Futhey_, C.A. 1:07-cv-3818-JRA (N.D. Ohio), which is currently pending, that the ratification vote was improper because the SMART Constitution did not accompany the voting materials.

12.     Defendant admits the allegation in paragraph 12.  Defendant further avers that the SMART Constitution has never been ratified by the UTU's membership, as required by the merger agreement.  The SMART Constitution does not currently exist.

13.    Defendant admits the allegation in paragraph 13, but further avers that the SMART Constitution has never been ratified by UTU's membership and does not currently exist.  There are numerous differences between the UTU Constitution and the SMWIA Constitution which have not been reconciled.

14.    Defendant denies the allegation in paragraph 14 and further avers that Section III of the merger agreement speaks for itself.  Defendant further avers that the merger agreement provides for the resolution of conflicts between the merger agreement and the SMART Constitution.  The SMART Constitution does not exist at this time.

15.    Defendant admits that Article 23 of the UTU Constitution provides as follows:

> "The Board of Directors may consider and implement plans of unification, affiliation, or merger with another labor union. Any such unification, affiliation, or merger shall be subject to convention approval or ratification of the membership of the United Transportation Union."

Defendant further avers that pursuant to Article 16 of the UTU Constitution the International President "interprets all laws of the organizations and decides all questions arising therefrom and decides all other controversies not provided under the existing laws of the organization".  Defendant denies all other allegations in Paragraph 15.

16.    Defendant admits the allegation in paragraph 16.  Defendant further

avers that, during the course of the discussion of the putative Merger Agreement,

the then Presidents of the UTU and SMWIA reassured the UTU Board of Directors

that there were no conflicts between the UTU and SMWIA Constitutions and that

the UTU Constitution would, accordingly, be transferred "intact" into the SMART

Constitution.  Defendant further avers that this representation was later proven to

be untrue.

     17.    Defendant admits the allegation in paragraph 17

     18.    Defendant lacks sufficient knowledge or information, at this time, to

form a belief as to the facts alleged in paragraph 18, and on that bases denies them.

     19.    Defendant admits that the membership of the UTU voted on the

proposed merger but further avers that they were not provided with copies of the

SMART Constitution as required by the merger agreement; that the vote was

conducted by the American Arbitration Association; that the count of that vote was

reported as being 8,625 for and 3,472 against.

     20.    Defendant denies the allegation in paragraph 20.

**Opposition to the Merger**

     21.    Defendant denies the allegation in paragraph 21; the referendum on

the merger was not properly conducted and is the subject of the litigation titled

*Dale Edward Michael, et al, v. Malcolm B. Futhey*, C.A. 1:07-cv-3818-JRA (N.D.

Ohio) which is pending in Ohio.

22.    Defendant admits the allegations in the first two sentences of

paragraph 22; but lacks sufficient knowledge or information, at this time, to form a

belief as to the additional facts alleged in paragraph 22, and on that bases denies

them.

23.    Defendant admits that Malcolm ("Mike") B. Futhey and Arthur

Martin, III, were elected President and Assistant President, respectively, of the

UTU at the 2007 UTU Convention and that each is a member of the UTU Board of

Directors. Defendant denies the other allegations in paragraph 23.

24.    Defendant admits the allegation in paragraph 24 and further avers that

Kim N. Thompson is General Secretary and Treasurer of the UTU, and a member

of UTU's Board of Directors.

25.    Defendant admits the allegation in paragraph 25.

26.    Defendant admits the allegation in paragraph 26; the propriety of the

referendum of the UTU membership is the subject of *Dale Edward Michael, et al,*

*v. Malcolm B. Futhey*, C.A. 1:07-cv-3818-JRA (N.D. Ohio).

27.    Defendant admits that several members of the UTU Board of

Directors submitted affidavits in *Dale Edward Michael, et al, v. Malcolm B.*

*Futhey*, C.A. 1:07-cv-3818-JRA (N.D. Ohio).  Defendant denies the remaining

allegation in paragraph 27.   The affidavits speak for themselves concerning

whether the former UTU Board member now "opposes the merger they previously

unanimously approved" or contests the lack of information that was provided to

them and the UTU membership.

28.    Defendant admits the allegation in paragraph 28 and reiterates that the

affidavits filed in *Dale Edward Michael, et al, v. Malcolm B. Futhey*, C.A. 1:07-cv-

3818-JRA (N.D. Ohio) speak for themselves concerning whether the former UTU

Board member now "opposes the merger they previously unanimously approved"

or contests the lack of information that was provided to them and the UTU

membership

29.    Defendant admits the allegation in paragraph 29

30.    Defendant admits that at the December 3, 2007 meeting Futhey,

Martin and Kim Thompson stated that UTU President Paul C. Thompson had

misrepresented the terms of the putative merger agreement to them prior to their

approval.  Defendant denies the remaining allegations in paragraph 30.

31.    Defendant denies the allegation in paragraph 31 to the extent that it

suggests that Futhey or Thompson were under a duty to disclose that they would be

submitting affidavits that would be filed in *Dale Edward Michael, et al, v.*

*Malcolm B. Futhey*, C.A. 1:07-cv-3818-JRA (N.D. Ohio).

32.    Defendant admits that the Court in Ohio entered a temporary

restraining order on December 27, 2007 in *Dale Edward Michael, et al, v. Malcolm*

*B. Futhey*, C.A. 1:07-cv-3818-JRA (N.D. Ohio) prohibiting the merger from

proceeding.   The Court's order was memorialized in the official transcript of the

extensive TRO hearing, a copy of pertinent parts of which where filed with this

Court as Exhibit B to the Declaration of Malcolm ("Mike') B Futhey, Jr.,attached

as an Exhibit to the Motion to Transfer previously filed on February 12,2008

(Docket No. 7 ) herein.

33.    Defendant denies the allegation in paragraph 33.

34.    Defendant admits the allegation in paragraph 34; as reflected in the

transcript of the telephonic status conference held on January 4, 2008 in *Dale*

*Edward Michael, et al, v. Malcolm B. Futhey*, C.A. 1:07-cv-3818-JRA (N.D. Ohio)

the UTU agreed to extending the injunction in order to have sufficient time for the

new officers of the UTU to consider the Defendant's position in the litigation.

35.    Defendant admits that eight members of the UTU have sought leave to

intervene in *Dale Edward Michael, et al, v. Malcolm B. Futhey*, C.A. 1:07-cv-

3818-JRA (N.D. Ohio).  Defendant denies the remaining allegations of paragraph

35.

36.    Defendant admits the allegation in paragraph 36.

37.    Defendant admits the allegation in paragraph 37, but further avers that

the Ohio court declined to rule because of questions that had been raised

concerning whether the SMWIA were financing the intervenors in the Ohio action.

The Ohio court set the matter for hearing on April 25, 2008, to allow time for the

parties to conduct discovery on whether the SMWIA was financing the proposed

intervenors.

38.    Defendant admits the allegation in paragraph 38.

39.    Defendant admits the allegation in paragraph 39.

40.    Defendant incorporates the admissions, denials and averments of the

preceding paragraphs as if fully rewritten herein.

41.    Defendant denies the allegations of paragraph 41.

42.    Defendant denies the allegations of paragraph 42.

43.    Defendant denies the allegations of paragraph 43.

## <u>AFFIRMATIVE DEFENSES</u>

Defendant hereby asserts the following Affirmative Defenses in this case:

44.    Plaintiff fails to state a claim against Defendant on which relief can be

granted.

45.    Plaintiff is not entitled to declaratory judgment or other equitable

relief because of unclean hands.

46.    Plaintiff's action is barred by the doctrine of Collateral Estoppel, as

there have been, and continue to be prior orders and litigation regarding the

propriety of the referendum of the membership of the UTU.

WHEREFORE, Defendant United Transportation Union prays this

Honorable Court for the following relief:

1.     Dismissal of Plaintiff's action with prejudice;

2.     For an order that Plaintiff shall take no relief from its complaint

herein;

3.     For an award of Defendant's costs and attorneys' fees incurred herein;

4.     For such further and other relief as the Court deems fair and just.

Respectfully submitted,


_____/s/_____
Charles R. Both  (D.C. Bar #42424)
LAW OFFICES OF CHARLES R. BOTH
1666 Connecticut Ave. N.W., Suite 500
Washington, D.C. 20009
202-833-9060
Fax: 202-463-6686
chas@crbothlaw.com



_____/s/_____
Betty Grdina (D.C.BAR #450346)
HELLER, HURON, CHERTKOF, LERNER,
SIMON & SALZMAN
1730 M Street N.W. ,Suite 412
Washington, D.C. 20036
202- 293-8090
Fax: 202-293-7110
bng@hellerhuron.com

Attorneys for Defendant


Dated:   February 26, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I served a copy of the foregoing Answer was served

electronically and by first class mail, postage prepaid to:

Michael T. Anderson
Arlus J. Stephens
Davis, Cowell & Bowe LLP
1701 K Street NW, Suite 210
Washington, DC 20006
astephens@dcbwash.com

Richard G, McCracken
Paul L. Moore
Davis, Cowell & Bowe, LLP
595 Market Street, Suite 1400
San Francisco, California 94205
415 597-7200

Attorneys for Plaintiffs


_____
Charles R. Both


Date:   February 26, 2008