IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION ) ) ) Plaintiff, ) ) vs. ) ) THE UNITED TRANSPORTATION UNION ) ) ) Defendant ) ) | 1:07-cv-02230-JR |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER**

Defendant United Transportation Union ("UTU") submits this brief Reply Memorandum to Plaintiff's Opposition to its Motion to Transfer this action to the United States District Court for the Northern District of Ohio (Eastern Division).

There is no dispute concerning the applicable legal principles controlling consideration of this Motion that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought" (29 U.S.C. § 1404(a) and that Section 1404(a) vests "discretion in the district court[ ] to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." _Stewart Org., Inc. v. Ricoh Corp_., 487 U.S. 22, 27 (1964); _Van Dusen v. Barrack,_ 376 U.S. 612, 622, and 636 (1964)(explaining policy against

forum shopping).[1]

A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.  Although convenience of the parties, convenience of the witnesses, and the interests of justice are the three principal factors to consider in determining whether to transfer a case, courts have also considered "various other factors, including the private interests of the parties and the public interests of the court," as additional considerations "protected by the language of Section 1404(a)." *Trout Unlimited v. United States Dep't of Agriculture,* 944 F.Supp. 13, 16 (D.D.C.1996) (citations omitted).

Here, Plaintiffs would have the Court deny the Motion without individually evaluating the specific factual setting presented by this case: (1) that the Plaintiff (Sheet Metal Workers International Association "SMWIA") is already participating in the Ohio Court through its surrogates: (The counsel fees of the Proposed Intervenors are being paid for by SMWIA, *see* Docket Entry No.71-2 *Michael et al v. Thompson et al*, Case Number: 1:07-cv-3818 (N.D. Ohio)); and (2) the ultimate issue in **both** the instant case and the *Michael* case is the validity of the putative Merger Agreement between UTU and SMWIA.  Plaintiff cannot alter the reality that,

---

[1]  In *Ferens v. John Deere Co.*, 494 U.S. 516, 527 (1990), the Supreme Court noted:

> "*Van Dusen* also sought to fashion a rule that would not create opportunities for forum shopping. Some commentators have seen this policy as the most important rationale of *Van Dusen,* see, *e.g.,* 19 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4506, p. 79 (1982), but few attempt to explain the harm of forum shopping when the plaintiff initiates a transfer. An opportunity for forum shopping exists whenever a party has a choice of forums that will apply different laws. The *Van Dusen* policy against forum shopping simply requires us to interpret § 1404(a) in a way that does not create an opportunity for obtaining a more favorable law by selecting a forum through a transfer of venue.  In the *Van Dusen* case itself, this meant that we could not allow defendants to use a transfer to change the law. 376 U.S. at 636."

Likewise, Plaintiff should not be permitted to preclude transfer of a case to another Court that is already considering the same ultimate facts, simply because it believes that the transfer would result in a less favorable outcome.

as already noted by Judge Adams in the Ohio proceedings (*see* Docket No. 7 herein; Declaration of Malcolm ("Mike") Futhey, paragraph 8 and Exhibit B at pp. 64,86-89; Transcript of Proceedings Before the Honorable John R. Adams, Motion for TR0)  before any Merger can be effectuated, a SMART Constitution (integrating the SMWIA and UTU constitutions) must be negotiated and established.  This constitutes the ultimate controversy in both cases.

### Plaintiff's Blatant Forum Shopping

Most striking in Plaintiff's Opposition (Docket No. 13) is the absence of any reference to its own active participation in the *Michael* litigation, a matter we previously brought to this Courts attention (See Def. Motion to Transfer, pp. 3, 6, 7; Docket No. 7).  Plaintiff's disregard of this specific significant fact, confirmed by recent filings in the *Michael* case[2], is understandable because it otherwise would be conceding its participation there and the identity of the ultimate issue in both cases.  In that filing, it was acknowledged that the SMWIA was financing the Intervenors participation in the Ohio litigation"for the purpose of effectuating the merger between the United Transportation Union ("UTU") and the Sheet Metal Workers International Association ("SMWIA")" (See *Michael et al v. Thompson et al,* Case Number: 1:07-cv-3818 (N.D. Ohio; Docket Entry No.71 at Exhibit A; ).  Moreover, in that filing the Proposed Intervenors argue about the interrelationship with the instant case, confirming the factual nexus between both proceedings. *Id.* at pp. 11-14.

If  Plaintiff engaged in forum shopping in filing this case in the District of Columbia that

---

[2] On March 25, 2008, the same day it filed the Opposition to the Motion to Transfer in this proceeding, the Proposed Intervenors filed a Opposition to a Motion to Compel Discovery in the Ohio litigation (See Docket Entry No.71 *Michael et al v. Thompson et al*, Case Number: 1:07-cv-3818 (N.D. Ohio). In that filing, the Proposed Intervenors conceded that the SMWIA was paying for their counsel fees and seeking to effectuate the merger.

3

alone would be grounds for granting the motion to transfer. *See* Onyeneho v. Allstate Ins. Co., 466 F. Supp.2d 1, 4 (D.D.C.2006) ( "To the extent that plaintiffs are engaging forum shopping , it weighs in favor of transfer to a more appropriate forum." ); Schmid Labs, Inc. v. Hartford Accident and Indem. Co., 654 F. Supp. 734, 736 (D.D.C.1986) (transferring case where the court found that plaintiff's forum shopping, when considered with other factors in favor of transfer was sufficient to deny plaintiff's chosen forum).   Clearly the Plaintiff here engaged in blatant forum shopping when it instituted the instant action *after* the Ohio case had been filed challenging the validity of the referendum election that had been conducted to effectuate the same putative merger that it seeks to implement through this litigation and the Court there.  Moreover, the Ohio Court has already indicated its concern about the absence of a material aspect of the putative merger (the establishment of a SMART Constitution).  Plaintiff's "blatant forum shopping" weighs in favor of ordering transfer to the Northern District of Ohio.

**Plaintiff is Seeking to Effectuate the Putative Merger Agreement**

Despite its attempt now to dissemble its purpose for initiating the instant litigation, by suggesting that it is simply seeking arbitration (Opp. at p. 2; Docket No. 13), there can be no doubt that Plaintiff is actually seeking a declaration that the Merger Agreement is valid (See First Amended Complaint ¶ 4; Prayer for Relief ¶ 1, Docket No.6; Original Complaint ¶ ¶ 4, 41, 43; Prayer for Relief 1, Docket No. 1).  This is precisely the same issue that the SMWIA, through its surrogates is already litigating in the Ohio Court (see discussion *supra* at note 2).  Indeed, the Plaintiffs in Ohio are seeking to invalidate the entire merger because of the failure to establish a SMART Constitution.  Thus, the ultimate factual issue in both cases is the validity and implementation of the putative merger agreement.  Plaintiff's assertion that "because the two

4

cases involve different controversies between different parties and under different bodies of law" (Opp. at p. 10) is simply not true. Plaintiff's effort to obfuscate the true purpose of the litigation, in an effort to distinguish the cases and avoid transfer, is unavailing.

In any event, Plaintiff is incorrect in asserting that the arbitration provision in the putative merger agreement should foreclose the Court's consideration of the case, either in Ohio or here. The Merger Agreement (*see* Exhibit to Riley Declaration, Docket No. 13-3) provides *only* for arbitration of disputes arising out of the Agreement, not of disputes concerning the implementation of the putative Merger Agreement. (*Id*. at Article XII. p. 13). Arbitration of disputes would only be an issue after the Merger Agreement was validly implemented. While Plaintiff would seek to have an arbitrator rule that the UTU is contractually bound to implement the merger agreement, the UTU never agreed to submit matters concerning the implementation of the putative agreement to arbitration. Before there could be any dispute arising out of the Agreement, a SMART Constitution would have to be negotiated and agreed upon. Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 648 (1986) (quoting United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)); see Transit Mix Concrete Corp. v. Local Union No. 282, International Brotherhood of Teamsters, 809 F.2d 963, 967 (2d Cir.1987).

## CONCLUSION

For the foregoing reasons and those set forth in its initial Memorandum in Support of its Motion, Defendants respectfully request that this action be transferred to the United States

District Court for the Northern District of Ohio (Eastern Division), where it may be consolidated with the related case pending in that Court.

Respectfully submitted,

\_\_\_\_/s/_____

Charles R. Both (D.C. Bar #42424)
LAW OFFICES OF CHARLES R. BOTH
1666 Connecticut Ave. N.W., Suite 500
Washington, D.C. 20009
202-833-9060
Fax: 202-463-6686
chas@crbothlaw.com

Betty Grdina (D.C.BAR #450346)
HELLER, HURON, CHERTKOF, LERNER, SIMON &
SALZMAN
1730 M Street N.W. ,Suite 412
Washington, D.C. 20036
202- 293-8090
Fax: 202-293-7110
bng@hellerhuron.com